**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **Crim. No. 2:25CR00110-001** |
| | : | |
| **PAUL DIMAIO** | : | |
| | : | |

## DEFENDANT'S MOTION TO MODIFY SEALING ORDERS TO PERMIT LIMITED DISCLOSURE TO DISCIPLINARY COUNSEL

Defendant, **Paul DiMaio**, by and through undersigned counsel, **Todd Fiore**, **Esquire**, respectfully moves this Court to modify its prior sealing orders to permit limited disclosure of certain sealed filings to his disciplinary-defense counsel and to the Pennsylvania Disciplinary Board and its counsel, and in support states:

1. Mr. DiMaio is the defendant in this criminal matter, United States v. DiMaio, No. 2:25-cr-00110-JP-1, in which the Court has entered several sealed orders and accepted several sealed submissions.

2. Mr. DiMaio is also the respondent in an attorney disciplinary proceeding before the Supreme Court of Pennsylvania and the Disciplinary Board, styled In the Matter of Paul Michael DiMaio, No. 3102 Disciplinary Docket No. 3, No. 29 DB 2025 (Attorney Registration No. 308094).

3. The Office of Disciplinary Counsel, through its counsel Harriet R. Brumberg, Esquire, has requested that Mr. DiMaio and his disciplinary-defense counsel provide

1

copies of certain sealed documents from this criminal case, specifically:

Docket Entry No. 86, Sealed Supplement, dated October 16, 2025;

Docket Entry No. 94, Sealed Supplement, dated January 20, 2026;

Docket Entry No. 95, Sealed Supplement, dated January 21, 2026;

Docket Entry No. 96, Sealed Motion, dated January 21, 2026;

Docket Entry No. 99, Sealed Order, dated February 11, 2026; and

Docket Entry No. 101, Sealed Order, dated February 11, 2026.

4.  Mr. DiMaio is represented in the disciplinary proceedings by Samuel C. Stretton, Esquire, 103 S. High Street, West Chester, PA 19381, who requires access to these sealed filings in order to competently advise and represent Mr. DiMaio in those proceedings.

5.  The Pennsylvania Disciplinary Board and the Office of Disciplinary Counsel are charged by the Supreme Court of Pennsylvania with investigating and prosecuting allegations of attorney misconduct and regulating the practice of law in Pennsylvania. Their review of the circumstances underlying this federal prosecution is a legitimate and important regulatory function.

6.  The sealed documents identified above bear directly on issues before the Disciplinary Board in No. 29 DB 2025 and on Mr. DiMaio's status and potential discipline as a member of the Pennsylvania Bar. Without access to these materials, the parties in the disciplinary matter cannot fully or accurately present, evaluate, or adjudicate the relevant facts.

7.  Mr. DiMaio does not seek to unseal these filings to the public or to broader third-party access. He seeks only a narrowly tailored modification of the Court's sealing orders to permit disclosure solely to:

a. his disciplinary-defense counsel, Samuel C. Stretton, Esquire, and his staff as reasonably necessary;

b. the Pennsylvania Disciplinary Board, including its Members, Hearing Committee Members, and staff, as reasonably necessary; and

c. counsel for the Office of Disciplinary Counsel in No. 29 DB 2025, including Harriet R. Brumberg, Esquire, and her staff, as reasonably necessary.

8. Any such disclosure would be subject to the confidentiality provisions of the Pennsylvania Rules of Disciplinary Enforcement and the Disciplinary Board Rules and Procedures, which restrict public dissemination of disciplinary investigative materials and filings except as authorized by those rules or orders of the Supreme Court of Pennsylvania.

9. Courts retain authority to modify sealing and protective orders when a party demonstrates a specific and legitimate need for access and when a limited modification can accommodate that need while preserving confidentiality interests. Here, the requested modification is strictly limited to specified recipients and purposes, and it preserves the sealed status of the filings on the public docket.

10. The requested relief will not prejudice the United States; rather, it facilitates the work of a state regulatory body overseeing attorney discipline, while maintaining appropriate confidentiality safeguards. Counsel for Mr. DiMaio has conferred/will confer with the United States Attorney's Office regarding this motion and will notify the Court of the government's position.

11. Good cause therefore exists to modify the Court's sealing orders as to Docket Nos. 86, 94, 95, 96, 99, and 101 solely to the extent necessary to allow the limited disclosure

3

described above.

WHEREFORE, Defendant respectfully requests that this Court enter the attached proposed Order granting this Motion and authorizing limited disclosure of Docket Nos. 86, 94, 95, 96, 99, and 101, and granting such other relief as the Court deems just and proper.

Respectfully submitted,

TODD FIORE, ESQ.
Attorney for Defendant, Paul DiMaio

4

## CERTIFICATE OF SERVICE

I, Todd Fiore, Esq., attorney for the Defendant, hereby certify that I have served copies

of the Defendant's motion to the Honorable John R. Padova, and AUSA Michael Miller, Esq.


TODD FIORE, ESQ.
Attorney for Defendant


DATE: March 16, 2026